# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH C. YOUNG, III** | **CIVIL ACTION NO. 6:14-cv-0901** |
| **LA. DOC #345719** | |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **RYAN RUSSO, ET AL.** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Currently before the court is a civil rights action filed by *pro se* plaintiff, Joseph C. Young, III, pursuant to 42 U.S.C. §1983, on April 25, 2014.  When he filed this Complaint, plaintiff was incarcerated at the Claiborne Parish Detention Center in Homer, Louisiana.  However, it appears that plaintiff has been transferred or released from custody as this Court's most recent Order, dated October 20, 2014, has been returned to the Court marked "not here." [rec. doc. 9].  Thus, plaintiff's current address is unknown. Furthermore, plaintiff has not been in contact with this Court since May, 2014, when he filed his motion to proceed in *forma pauperis.*  [*See* rec. doc. 5].

In his Complaint, plaintiff complains that he was subjected to the use of excessive force by Deputy Russo during his April 24, 2013 arrest.  More specifically, plaintiff alleges that Deputy Russo struck him in the head, arms, legs and hands with a "police issued stick", choked him and forced his face down into several inches of water, suffocating plaintiff.  Deputy Russo allegedly ceased only when another officer arrived at the scene. By this action, plaintiff seeks the arrest and prosecution of Deputy Russo and

monetary damages.

Because plaintiff's pleadings were deficient, on October 20, 2014, plaintiff was ordered to amend his Complaint within 30 days to cure the deficiencies noted by this Court, or alternatively, dismiss those claims that he was unable to cure through amendment.  Plaintiff was expressly advised that his failure to Comply with the Court's Order would result in dismissal of his action. [rec. doc. 8].  Thus, plaintiff's Amended Complaint was due on or before November 20, 2014.  To date, plaintiff  has never amended his Complaint as Ordered.

### *Law and Analysis*

Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of an action on motion of the defendant  "[i]f  the plaintiff fails to prosecute or to comply with these rules or a court order . . . ."   The district court also has the inherent authority to dismiss an action *sua sponte* for failure of a plaintiff to prosecute or to comply with any order of the court. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).  This power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630-31.  Plaintiff has failed to comply with an Order directing him to amend his Complaint.  This failure on his part warrants dismissal.

Further, dismissal is mandated under Local Rule 41.3.  Rule 41.3 authorizes a dismissal for failure to prosecute when a *pro se* litigant fails "to promptly notify the court in writing of an address change . . . when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."

Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."  *See Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1986).  In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors:  "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Id*.

The  requirements for a dismissal with prejudice are satisfied in this case.  Plaintiff has ignored this Court's Order directing him to amend his Complaint.  Moreover, plaintiff has not communicated with this Court since May, 2014. Thus, it appears that plaintiff is no longer interested in pursuing his claims in this Court.  Furthermore, since plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Thus, dismissal of this case may be the least sanction available. Under these circumstances dismissal with prejudice is warranted.

For the above reasons,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** in accordance with Rule 41(b) of the Federal Rules of Civil Procedure and alternatively, under Local Rule 41.3 of the United States District Court for the Western District of Louisiana.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*,** 79 F.3d 1415 (5th Cir.  1996).

In Chambers at Lafayette, Louisiana, January 16, 2015.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

4

5